UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHALYNN F. PADDOCK,<br><br>Plaintiff,<br><br>BRIANNA DIXON, *et al.*,<br><br>Defendant. | Case No. 1:21-cv-00493-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court are numerous Motions for Attorney Fees filed by the various Defendants in this case. Dkts. 38, 39, 41.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons outlined below, the Court GRANTS Defendants' Motions for Attorney Fees.

## II. BACKGROUND

Paddock filed the instant suit on December 10, 2021, on behalf of herself and her two minor children, M.B. and E.B. Dkt. 1. Subsequently, Paddock filed three motions: a Motion to Disqualify (Dkt. 18), a Motion for Summary Judgment (Dkt. 21), and a Motion for Default (Dkt. 30). Defendants each filed Motions to Dismiss (Dkts. 11, 14, 20, and 26). The Court denied Paddock's motions and granted Defendants' Motions to Dismiss. Dkt.

36. On August 5, 2022, the Court entered a Judgment in favor of Defendants and dismissed the case with prejudice. Dkt. 37.

Later in August 2022, Defendants each filed Motions for Attorney Fees citing 42 U.S.C. § 1983, 42 U.S.C. § 1988, and Federal Rule of Civil Procedure 54(d). Dkts. 38, 39, and 41. Paddock has offered no response to any of the Motions to Dismiss.

### III. LEGAL STANDARD

Section 1988(b) provides that "[i]n any action or proceeding to enforce a provision" of 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Attorney's fees may be awarded to a prevailing defendant in a case brought under § 1983 only upon "a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

This rigorous standard applies to prevailing defendants—as contrasted with prevailing plaintiffs—because the "policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant." *Id.* at 418–19 (citation omitted). Indeed, "[t]o take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement" of civil rights statutes such as § 1983. *Id.* at 422. Therefore, the Ninth Circuit has held that attorney fees may be awarded against an unsuccessful § 1983 plaintiff only "in exceptional circumstances" where the court finds "the plaintiff's action was frivolous, unreasonable, or without

MEMORANDUM DECISION AND ORDER - 2

foundation." *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 968 (9th Cir. 2011) (cleaned up).

"In determining whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 976 (quoting *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006)).

The general rule for awarding costs is Rule 54(d), which presumes an award of costs to the prevailing party. Fed. R. Civ. P. 54(d).

## IV. ANALYSIS

The Court has no doubt that Paddock brought a frivolous lawsuit against the Defendants in this case. Because each motion cites the same authority, the Court will decide the motions in a unified manner apart from the calculation of Defendants' fees.

Paddock brought many motions before the Court in this case. The Court denied each one. Paddock filed a Motion to Disqualify Counsel which the Court found had no "substantive reasons" supporting the arguments within the motion. Dkt. 36, at 6. Next, Paddock filed a Motion for Summary Judgment, but the content within was meant for a Motion for Default Judgment. *Id*. In addition, Paddock filed a Motion for Default Judgment which failed to follow proper procedure under Rule 55 which was previously explained to Paddock in her prior case. See *Paddock v. Ballou*, 2018 WL 1902678, at *1 (D. Idaho Apr. 20, 2018). The Court ultimately decided to dismiss the case with prejudice because the claims of the case were without merit:

> That said, even if the Court were to view Paddocks challenges as stand-alone claims not within a § 1983 framework, they would all fail as a matter of law. The facts in Paddock's complaint are little more than disagreements with the Defendants. While she alleges Defendants are all engaged in a grand conspiracy against her, she supports the allegations with self-serving interpretations of Defendants' actions, suppositions as to their interests and motivations, and bare conclusions. This is not enough.

Dkt. 36, at 18. Paddock's prior case with the Court is also suspiciously similar to this case. *Id*. The prior case, such as this case, named one of the same defendants (Brianna Dixon) and several other state agencies and state employees. In that case, Paddock alleged wrongdoing on the part of the defendants relating to a child custody matter, much like this case. The Court dismissed that case with prejudice citing procedural errors and slovenly reasoning like this case.

The similarities between this case and the prior case concerns the Court.[1] Moreover, Paddock's claims raised in this case were largely without merit and each motion she sought was denied for reasons highlighted above. This paints a picture for the Court that Paddock has indeed filed a frivolous lawsuit. "An action becomes frivolous when the result appears obvious, or the arguments are wholly without merit." *Galen v. Cnty. of L.A.*, 477 F.3d 652, 666 (9th Cir. 2007) (citing *Christiansburg*, 434 U.S. at 422) "An action is frivolous if it lacks an arguable basis in law or fact." *Santos v. Coley*, 67 F.3d 308 (9th Cir. 1995) (cleaned up); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court is determined to mitigate frivolous lawsuits and discourage others from bringing them.

---

[1] For example, most of Paddock's claims (in both cases) relate to family law matters. The Court previously explained that family law issues are governed by state law and must be brought in that forum. *See* Case No. 1:18-cv-00005-DCN, Dkt. 55, at 9, 17. The Court had to explain that again here. Dkt. 36, at 8–10. The fact that Paddock re-alleged similar claims here—after the Court's admonition that such was inappropriate—further supports a finding of frivolousness.

MEMORANDUM DECISION AND ORDER - 4

The Court takes note that Paddock is pro se, but the costs and time incurred in this lawsuit by the Defendants, and by the Court, warrants attorney fees. What's more, the Court has no indication that Paddock *cannot* pay the award. She paid the filing fee in this case[2] and did not request any indigence help or "in forma pauperis" status.

In sum, based upon the frivolous nature of this case, the Court GRANTS each Motion for Attorney Fees. The Court will next determine the amount owed to each Defendant.

**A. Calculation of Fees**

Courts within the Ninth Circuit apply the "lodestar" approach to determine the fee award amount. *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1158 (2018). The lodestar amount is "calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id.* at 1160 (cleaned up). The "presumptively reasonable lodestar figure" may be adjusted based on twelve factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). A reasonable rate is the rate that will "compensate counsel at the prevailing rate in the community for similar work;

---

[2] Paddock paid the filing fee in her prior case as well.

no more, no less." *Vogel*, 983 F.3d at 1158. Further, "a reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Id*.

Paddock has filed no response to any of the motions, so the Court relies solely on the rates provided by Defendants. The Court has reviewed each motion and finds all the fees reasonable. In fact, Defendants' attorneys and paralegals were either billing at or below the average rate in Boise, Idaho.[3] Each itemized fee was related to the case and the time related to each item was not unreasonable.

The total amount would be:

Defendants McDevitt and Onanubosi: $4,720.50
The Bramel Defendants: $4,920.50
Defendant Dixon: $5,350.00
_____
Total: $15,020.50

## V. CONCLUSION

Upon review, the Court finds this suit was "frivolous, unreasonable, or without foundation." *Christiansburg*, 434 U.S. at 421. Thus, Paddock will be ordered to pay all Defendants' attorney fees. Defendant's Motions for Attorney Fees are GRANTED.

## VI. ORDER

**IT IS ORDERED:**

1. Defendants' Motions for Attorney Fees (Dkts. 38, 39, and 41) are **GRANTED**.

---

[3] For example, the attorneys in this case billed between $150 and $250 per hour and their paralegals between $100 and $150 per hour. While various factors—including an attorney's experience/expertise and firm size—play a role in hourly rates, the Court can confirm the rates in this case are well within what it normally sees (and awards) for attorneys and paralegals in Boise, Idaho.

2. The Court awards $4,720.50 to Defendants McDevitt and Onanubosi.

3. The Court awards $4,920.50 to the Bramel Defendants.

4. The Court awards $5,350.00 to Defendant Dixon.

5. The Court will enter an amended judgment in accordance with its decision.

DATED: February 14, 2023

David C. Nye  
Chief U.S. District Court Judge